UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3218-D

**Glenn Strickland**,

                Plaintiff,

v.

**Wake County Court of Justice,** et al.,

                Defendants.

**Memorandum & Recommendation**

On August 19, 2015, plaintiff Glenn Strickland, an apparent pre-trial detainee, proceeding pro se, filed a complaint under 42 U.S.C. § 1983. D.E. 1. The matter is before the undersigned court for frivolity review pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends[1] that Strickland's Complaint be dismissed for failure to state a claim upon which relief can be granted.

**I.    Screening Pursuant to the Prison Litigation Reform Act**

The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011), *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Strickland's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

2

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

## II.     Review of § 1983 Claim

In order to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege a defendant's personal involvement. *See, Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

> Strickland's complaint is not a model of clarity. Strickland alleges as follows:
>
> In reference to Consolidation of Misrepresented Current and Prior Case(s) offenses:  15CR 211472, 15 CR 212393 F AWDW seriousing, simple Affray, Trespassing, Simple assault, RPO F-Breaking and Entering, Larceny after Breaking/enter, F Possession Fire arm.  Since I attended First Appearance Court dated 6–5–15 I have specifically and clearly been Deprived Loss of Constitutional Equal Protection and Due Process rights ect. during Incarceration here of WCDC and Highly Considered said current and Prior Misrepresentation Public Defender's Office of Wake County Ral, N.C. 27601/said Misrepresented Cases Prejudicial to be Used AGAIN in the Face of Habitual Status and AGAINST Me and Adminstration Not to Allow UNSECURE BOND Specifically when Wrongly Delayed and Denied Probable Cause and/or Arraignment Speedy Hearings "Without physical Evidence ect."  Pending Speedy Trial since date of First Appearance 6–5–15.

Compl. at 4, D.E. 1.  Strickland seeks "(1) Immediate Unsecure Bond and/or Dismissal of Case Time Already Served Sentence Injunction Relief (2) Finacial Compensation For Loss of Equal

3

Protection, Due Process ect Rights during Incarceration since 6–4–15 Including Pains and sufferings since 6–4-15." *Id.*

### A. Habeas Claim

Strickland's complaint challenges his current confinement. This is not a proper claim for litigation in a § 1983 action. *See generally, Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez,* 411 U.S. 475 (1973). In *Preiser,* the Supreme Court held that an action for habeas corpus is the exclusive remedy for a state prisoner raising a challenge to the fact or duration of his confinement and who seeks immediate or earlier release. *Preiser*, 411 U.S. at 490–91. The Court in *Preiser* found that the petitioner's action was for release from custody which was in fact an application for habeas corpus. *Id.* at 500. The Court explained that an order releasing a prisoner from custody "is not an available remedy under the Civil Rights Act." *Id. at 479* (quoting *Peinado v. Adult Auth. of Dept. of Corr.,* 405 F.2d 1186, 1186 (9th Cir. 1969)). In the present case, Strickland's action seeks, in part, immediate release from custody. He may not obtain the relief he seeks in this § 1983 action, so his claim should be dismissed.

### B. Abstention Doctrine of *Younger v. Harris*

Furthermore, it appears from Strickland's Complaint that he is awaiting trial resulting from charges for violations of state law. Therefore, Strickland's action should be dismissed pursuant to principles of abstention established by *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* holds that federal courts should not involve themselves in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The decision whether to abstain from resolving a particular dispute depends on whether: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal

4

claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). The Supreme Court has recognized three exceptions to *Younger* abstention: "where (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Strickland does not make such a showing here. His constitutional claims are the type of issues that can typically be raised during a state court proceeding. *Nivens*, 444 F.3d at 248. Therefore, his Complaint should be dismissed under the *Younger* abstention doctrine.

### C. Parties to a § 1983 Action

Additionally, Strickland's Complaint should be dismissed because he has failed to name any defendant who is amenable to suit in a § 1983 action. In order to successfully allege a violation of § 1983, the plaintiff must allege that a "person" acting under color of state law violated plaintiff's constitutional rights. *See West,* 487 U.S. at 48–49. Strickland names as defendants the Wake County Court of Justice, Wake County Administration/Wake County Detention Center, and the Wake County Public Defender's Office. Compl. at 1, D.E. 1. None of the three named defendants is a "person" subject to suit under § 1983. *See, e.g., Vandyke v. Francis,* No. 1:12-CV-113-RJC, 2012 WL 2090649, at *3 (WD.N.C. Jun. 11, 2012) (noting Rutherford County Detention Center is not a "person" subject to suit under § 1983); *Wilkerson v. Chapel Hill Police Department*, No. 1:09-CV-60, 2009 WL 1505614, at *1 (M.D.N.C. May 27, 2009) ("[p]olice departments are not suable entities under 42 U.S.C. § 1983."); *Davis v.*

5

*Blanchard*, No. 1:15-cv-00362, 2016 WL 1229087, at *5 (M.D.N.C. Mar. 28, 2016) (discussing that a public defender's office is not a "person" for purposes of § 1983).

Moreover, it is well settled that defense attorneys, whether privately retained or publicly appointed, are not amenable to suit under § 1983. *Deas v. Potts,* 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (privately retained counsel); *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981) (public defender representing indigent defendant in state criminal proceeding). It is similarly well-settled that public defenders are entitled to absolute immunity for acts performed in their official capacity. *Minns v. Paul*, 542 F.2d 899 (4th Cir. 1976). Strickland's Complaint should be dismissed because Strickland has failed to name a defendant who is amenable to suit under § 1983.

### III. Conclusion

For the foregoing reasons, Strickland's claims against Wake County Court of Justice, Wake County Administration/Wake County Detention Center, and the Wake County Public Defender's Office fail to state a claim on which relief may be granted. The undersigned recommends that Strickland's claims against those defendants be dismissed as frivolous. It is further recommended that Strickland's claims concerning the pending criminal proceedings be dismissed without prejudice and that the court dismiss as frivolous all remaining claims.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plaintiff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: September 13, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge